UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| FRANK LLOYD, | ) |
|---|---|
| Petitioner, | ) |
| | ) Case No. 3:11-CV-473 JD |
| v. | ) |
| | ) |
| SUPERINTENDENT, | ) |
| | ) |
| Respondent. | ) |

OPINION AND ORDER

Frank Lloyd, a *pro se* prisoner, filed a habeas corpus petition under 28 U.S.C. § 2254 challenging a prison disciplinary proceeding [ECF No. 1]. On August 4, 2011, Lloyd was found guilty of trafficking and conspiring with another in violation of disciplinary rules A111 and A113 at Miami Correctional Facility ("MCF") [ECF No. 11-1]. As a result, he received a written reprimand and lost telephone privileges for 30 days [ECF No. 9-1]. The hearing officer also recommended that Lloyd serve six months in disciplinary segregation, lose 30 days of earned credit time, and receive a credit-class demotion, but all three of these sanctions were suspended [*Id.*]. Under the Indiana Department of Correction Adult Disciplinary Procedures ("ADP"), a suspended sanction can only remain in effect for six months, after which time it becomes unenforceable [ECF No. 9-7 at 3]. More than six months have passed since the suspended sanctions were imposed against Lloyd, and they were not enforced within that period [ECF No. 9-3 at 1-2].

Based on the above, the respondent moves to dismiss [ECF No. 8]. As the respondent correctly points out, the disciplinary proceeding at issue did not lengthen the duration of Lloyd's confinement, nor could it, since the suspended sanctions pertaining to his earned time credits have expired. Therefore, the disciplinary proceeding cannot be challenged under 28 U.S.C. § 2254. *See*

*Hadley v. Holmes*, 341 F.3d 661, 664 (7th Cir. 2003) (prisoner can challenge disciplinary proceeding under 28 U.S.C. § 2254 only when the punishment imposed lengthens the duration of his confinement); *Montgomery v. Anderson*, 262 F.3d 641, 643 (7th Cir. 2001) (only a disciplinary sanction that affects the fact or duration of custody can be challenged under 28 U.S.C. § 2254).

In response to the motion to dismiss, Lloyd complains that he was put in temporary segregation as a result of the disciplinary charge, during which time he lost idle pay and was unable to participate in educational and other rehabilitative programs [ECF No. 10]. These issues pertain to the "severity" rather than the "duration" of Lloyd's custody. *Montgomery*, 262 F.3d at 644 (inmate cannot use habeas corpus to contest his placement in segregation as a result of disciplinary charge since that affects the severity rather than the duration of custody). As the Seventh Circuit has instructed, "[m]ore restrictive custody must be challenged under § 1983, in the uncommon circumstance when it can be challenged at all." *Id.*; *see also Sandin v. Conner*, 515 U.S. 472, 484-85 (1995) (prisoners are not entitled to due process protections unless a change in prison conditions results in an "atypical and significant hardship" when compared to "the ordinary incidents of prison life").

For the reasons set forth above, the motion to dismiss [ECF No. 8] is GRANTED, and the petition [ECF No. 1] is DISMISSED.

SO ORDERED.

ENTERED:  June 1, 2012

　　　　　　　　　　　　　　　　　　  /s/ JON E. DEGUILIO
　　　　　　　　　　　　　　　　　　Judge
　　　　　　　　　　　　　　　　　　United States District Court